WALLER, Chief Justice,
dissenting:
¶ 37. Milton Harper, as president of Banks, Finley, White, & Co., P.C., was responsible for ensuring the firm secured workers’ compensation insurance. ' See Miss.Code Ann. § 71-3-83 (Rev.2011). The firm, however, failed to do so. Harper, according to the vice president of Banks at the time, made the decision not to obtain workers’ compensation coverage. The vice president and Harper discussed the matter, but, according to the vice president, Harper ultimately made the decision not to obtain coverage. Moreover, as president of the corporation, Harper had a statutory duty to ensure the firm carried workers’ compensation coverage. See Miss.Code Ann. § 71-3-83 (Rev.2011) (making president of corporation criminally liable for failure to secure compensation).
*1167 ¶ 38. Harper’s beneficiaries now seek the very workers’ compensation benefits Harper failed to procure. Because I agree with the circuit court that Harper’s beneficiaries are barred from recovering workers’ compensation benefits in this ease, I respectfully dissent.
,¶ 39. Banks employed more than five individuals and was subject to Mississippi’s workers’ compensation statutes. See Miss. Code Ann. § 71-3-5 (Rev.2011). Banks, however, failed to secure workers’ compensation insurance while Harper was managing partner and president, and there was no such coverage at the time of his injuries. The majority finds that Harper’s beneficiaries are entitled to compensation “regardless of the reason the firm had not obtained workers’ compensation insurance coverage.” In other words, Harper, in the form of his beneficiaries, is not barred from recovering benefits despite Harper’s own failure to secure workers’s compensation insurance. I disagree.
¶ 40. While there are no Mississippi cases on point, the Maryland Court of Appeals considered a similar issue in a workers’ compensation case much like today’s. There, a corporate officer was injured while at work. Uninsured Employers’ Fund v. Lutter, 342 Md. 334, 337, 676 A.2d 51, 52 (1996). The corporation, which he controlled, failed to obtain workers’ compensation insurance or opt out of workers’ compensation coverage in writing as required by Maryland law. Lutter, 676 A.2d at 53, 54. Nevertheless, the officer sought workers’ compensation benefit’s from the corporation. Id.
¶ 41. The officer argued “that despite his decision not to purchase insurance for himself, he did not effectively exempt himself from coverage under the Act because he did not file written notice of his election to be exempt....” Id. at 54. The Maryland court disagreed. Id. The court first noted that there was no coverage for the officer to opt out of, so the Maryland statute allowing officers to exempt themselves from coverage was inapplicable. Id. at 54-55.
¶42. The court then found that, by deciding to forego workers’ compensation insurance, the officer had waived his right to collect benefits under Maryland’s workers’ compensation scheme. Id. at 55. The court provided, “As corporate president, [the officer] was ... the person who made the decision not to protect himself....” Id. Therefore, “he cannot be permitted to receive benefits from the [Uninsured Employers’] Fund merely because he neglected or refused to perform his duty... ,”[3] Id. Moreover, the court continued, an officer of a corporation who fails to obtain workers’ compensation coverage may be held criminally liable, and “Allowing him to collect workers’ compensation benefits ... would violate the common law principle that one should not be permitted to benefit from his own criminal conduct.” Id. at 56.
¶ 43. I find this rationale persuasive and would apply the same reasoning here.[4] Harper had a duty as a corporate officer to *1168 secure workers’ compensation insurance coverage. Miss.Code Ann. § 71-3-83 (Rev.2011). He failed to do so. In fact, Harper could have been held criminally and civilly liable for failing to procure workers’ compensation coverage. Id. (“If the employer is a corporation, the president ... thereof shall be also severally liable to such fine or imprisonment as herein provided for the failure of such corporation to secure the payment of compensation. ... ”). And, like Maryland, Mississippi has long recognized the common-law principle that “a party shall not derive any benefit in [a] court from his own wrong.” Buckner v. Calcote, 28 Miss. 432, 571 (Miss.Err. & App.1855); see also Collins v. Collins, 625 So.2d 786, 789 (Miss.1993). In short, to paraphrase the Maryland court, Harper was required to discharge the responsibilities of his position or suffer the consequences. See Lutter, 676 A.2d at 56.
¶44. Accordingly, I would affirm the findings of the Circuit Court of the First Judicial District of Hinds County that Harper, through his dependents, was barred from recovering benefits from Banks because of Harper’s failure to obtain workers’ compensation insurance.
CHANDLER, PIERCE AND COLEMAN, JJ„ JOIN THIS OPINION.

. Lutter sought compensation from his corporation, but because the corporation lacked workers’ compensation insurance coverage, any benefits he would have recovered would have been paid by the state's Uninsured Employers’ Fund. Lutter, 676 A.2d at 53.

. The Lutter case also turned on Maryland’s notice of exemption statute that allows an employer to exempt certain officers from the workers' compensation statutes, and the court noted it limited its holding to the facts of the case. The issues raised there regarding that notice and the state’s Uninsured Employers’ Fund are inapplicable to the present case. The import of the case, however, is clear and persuasive-a corporate officer cannot fail to execute his duty and then later seek benefits despite this failure.